IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-74,930






CHARLES D. RABY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S APPEAL FROM THE DENIAL OF A MOTION FOR


POST-CONVICTION DNA TESTING 


FROM THE 248
TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY





 Cochran, J., filed a dissenting opinion.


O P I N I O N 



 I join Judge Hervey's dissenting opinion because I agree that appellant is not
legally entitled to DNA testing at State expense under Chapter 64 of the Texas Code of
Criminal Procedure. 

 That said, one might fairly question the wisdom of the State's position in this case
as: 1) appellant's attorneys announced, at oral argument, their willingness to pay all costs
associated with the DNA testing; 2) there is nothing in the record to indicate that all of the
material that could be subject to DNA testing would be consumed in the testing process
and thereby deny either or both parties the ability to conduct further tests should that
become necessary; 3) it cannot escape notice that significant concerns have been raised
about the Houston Police Department crime lab and its various testing procedures in the
recent past; and 4) when appellant filed his request for DNA testing, he had not yet
completed his full complement of appellate remedies; thus, voluntarily giving him access
to these evidentiary items to conduct DNA testing would not have prolonged the review
process. 

 I continue to believe that Chapter 64 was intended to increase, not limit or
decrease, a trial court's authority to permit post-conviction DNA testing. (1) Those who
insist upon balancing atop the sharp point of the letter of Chapter 64 law may one day
find themselves hoist on their own forensic petard. Sometimes discretion is the better
part of valor.

Cochran

Filed: June 29, 2005 
1. See State v. Patrick, 86 S.W.3d 592, 602 (Tex. Crim. App. 2002) (Cochran, J.,
dissenting).